IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA KOTEWA, ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-426-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| LIVING INDEPENDENCE NETWORK CORP., ) et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court in the above-entitled matter Defendant's Motion to Strike Prayer for Compensatory Damages and Jury Trial (Docket No. 39). The Court requested expedited briefing to address this issue prior to the start of the trial. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Defendant asserts that Plaintiff is not entitled to a jury trial as the only relief Plaintiff is entitled to is equitable in nature and must be decided by the Court. First, Defendant asserts compensatory and punitive damages are not allowed as remedies under the ADA. Second, since the remaining damages are purely equitable, Plaintiff is not entitled to a jury trial on the remaining issue of retaliation. Plaintiff maintains the motion is not timely filed and that she is entitled to claim compensatory and punitive damages in an ADA retaliation case just like a Title VII discrimination case.

The Court recently narrowed the case to one issue for trial. After the narrowing of the claims, Defendant filed this motion to strike. The Court finds the motion was timely filed before the start of the trial and shortly after the Court dismissed the other claims that clearly would have

MEMORANDUM ORDER - Page 1
07ORDERS\KOTEWA_COMPENSATORY.WPD

been entitled to a jury determination. Therefore, the Court finds the motion to strike is timely filed based on the facts and time line of this particular case.

The Court finds the issue of available damages in an ADA retaliation case is an issue of first impression in the Ninth Circuit. The Court acknowledges both circuit courts and district courts are split on whether a plaintiff in an ADA retaliation case under 42 U.S.C. § 12203(a) can seek compensatory and punitive damages. The Seventh Circuit has held the ADA only provides equitable relief for retaliation claims. Kramer v. Banc of Am. Secs. LLC, 355 F.3d 961 (7th Cir.) cert. denied, 542 U.S. 932 (2004). The Second, Eighth and Tenth Circuits have affirmed awards of compensatory damages in ADA retaliation cases without directly addressing the legal issue of whether such damages are available. See Muller v. Costello, 187 F.3d 298, 314 (2d Cir. 1999); Foster v. Time Warner Entertainment Co., 250 F.3d 1189, 1196-98 (8th Cir. 2001); Slitros v. Chrysler Corp., 306 F.3d 562 (8th Cir. 2002); E.E.O.C. v. Wal-Mart Stores, Inc., 187 F.3d 1241, 1244-45 (10th Cir. 1999).

In Ostrach v. Regents of the University of California, 957 F.Supp 196 (E.D. Cal. 1997), the district court addressed the issue of damages under § 12203 and determined the complex and circular statutes allowed a complaining party to recover compensatory and punitive damages under § 12203. On the other hand, another district court examining the same statute determined "the statutory language and legislative history of the ADA simply do not support a valid basis for a claim of compensatory and punitive damages for an ADA retaliation claim. See Boe v. AlliedSignal Inc., 131 F.Supp.2d 1197, 1202-03 (D.Kan.2001); Brown v. City of Lee's Summit, No. 98-0438-CV-W-2, 1999 WL 827768, at *3-4 (W.D.Mo. June 1, 1999)." Sink v. Wal-Mart Stores, Inc., 147 F. Supp. 2d 1085,1100-1101 (D.Kan. 2001). The Sink court stated:

> While the court can discern no logic in a rule that precludes an award of compensatory and punitive damages in an ADA retaliation case when such damages are available in Title VII retaliation cases, the court is nonetheless confined to the construction of the statute. And while the court cannot say whether Congress intended such a rule or whether the rule is simply the result of an oversight by Congress, it is an issue that Congress should address.

Id.

Both positions have legal merit. It is up to this Court to make its own interpretation of the applicable statutes and to consider the persuasive authority from the courts that have considered the issue.

This Court finds the interpretation of the Seventh Circuit too restrictive and incongruent with the Ninth Circuit's intent to treat ADA retaliation claims similar to Title VII retaliation claims. The Court adopts as its own analysis the well-reasoned analysis of the Edwards v. Brookhaven Science Assoc., LLC, 390 F.Supp.2d 225, 235-36 (E.D.N.Y. 2005):

> In resolving this issue, the Court will look to sound principles of statutory interpretation and case law. See Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 125 S.Ct. 2169, 2177, 162 L.Ed.2d 97 (2005). As with any other ordinary issue of statutory interpretation, the Court will examine the language of the statute "in light of context, structure, and related statutory provisions." Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 125 S.Ct. 2611, 2620, 162 L.Ed.2d 502 (2005).
>
> The ADA was enacted, in part, to assist in remedying the problems related to access by persons with disabilities to public facilities, employment, and transportation services. 42 U.S.C. §§ 12101-213. The Act is divided into three main subchapters known as "Titles" and one relevant fourth subchapter known as "Title V" which is named "Miscellaneous Provisions." Title I of the Act proscribes discrimination in the terms and conditions of employment. Id. § 12111-17. Title II of the Act proscribes discrimination against the disabled regarding access to public services. Id. § 12132 ("No qualified individual with a disability shall ... be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). Title III of the ADA proscribes discrimination against the disabled in public accommodations. Id. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns ... or operates a place of public accommodation.").
>
> Each of these three primary subchapters contains its own remedies and enforcement provisions. See 42 U.S.C. §§ 12117, 12133, 12188. For example, a claim of employment discrimination under the provisions of Title I of the ADA entitle the prevailing plaintiff to those remedies available to plaintiff under Title VII of the Civil Rights Act of 1964, as amended by the Act of 1991. See 42 U.S.C. § 12117. Under the 1991 amendments to the Civil Rights Act of 1964, plaintiffs who prevail on claims of discrimination may recover compensatory and punitive damages, and thus also demand and receive a trial by jury. 42 U.S.C. § 1981a(c)(1).
>
> The "Miscellaneous Provisions" in Title V of the ADA contain the retaliation provision. Section 12203 prohibits retaliation for complaints of disability discrimination by stating:
>
> (a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.

42 U.S.C. §12203. Unlike Titles I-III of the ADA, the retaliation provision contains no specific enforcement or remedial provision of its own. Rather, the statute states that "[t]he remedies and procedures available under sections [12117], [12133], and [12188] of this Act shall be available to aggrieved persons for violations of subsection[ ](a) ... with respect to title I, title II and title III, respectively." <u>Id.</u>

In the employment discrimination context, the retaliation provision in the ADA refers the reader to 42 U.S.C. § 12117 for its remedy, which in turn adopts the remedies set forth in Title VII, specifically 42 U.S.C.§ 2000e-5 and 42 U.S.C. § 1981a(a)(2). <u>See</u> <u>id.</u>§12117. Thus, the remedies for violations of § 12203 of the ADA and § 12117 of the ADA are coextensive with the remedies available in a private cause of action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. Under the Civil Rights Act of 1991, employees who prevail on a claim under Title I of the ADA may recover compensatory and punitive damages and demand and receive a trial by jury. <u>See</u> 42 U.S.C. § 1981a(a)(2).

In <u>Kramer</u>, the Seventh Circuit concluded that the 1991 Civil Rights Act did not "expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available." 355 F.3d at 965. The Seventh Circuit reached this conclusion by confining its analysis to a reading of § 1981a(a)(2), finding that it "permits recovery of compensatory and punitive damages ... only for those claims listed therein." *Id.* The court noted that "claims of retaliation under the ADA (§ 12203) are not listed," and thus concluded that the remedies available for *236 such claims are "limited to the remedies set forth in § 2000e(g)(1)." <u>Id.</u>

The Seventh Circuit's analysis makes it clear that § 1981(a)(1) does not list §12203 as a claim that permits recovery of compensatory damages. However, "[n]o sound canon of interpretation requires Congress to speak with extraordinary clarity...." <u>Exxon Mobil Corp.</u>, 125 S.Ct. at 2620, 162 L.Ed.2d 502. The statute must be read in conjunction with and "in light of [the] context, structure, and related statutory provisions." <u>Id.</u> In the Court's view, the omission of § 12203 in § 1981 is of no consequence when § 1981 is read in conjunction with the relevant provisions of the ADA. As stated above, the retaliation provision of the ADA contains no remedy of its own. Rather, it is clear that the "remedies and procedures ... available to aggrieved persons" for violations of § 12203 are the *same* as the "remedies and procedures available under" Title I of the ADA. <u>Id.</u> Considering that the remedies available for retaliation under the ADA are commensurate with those available under Title I, it was unnecessary for Congress to separately mention retaliation in § 1981. Thus, it is fair to assume that the expansive effect of § 1981(a) applies equally to claims under Title I as it does to retaliation claims by virtue of the fact that the remedies available for retaliation claims incorporate, and are coextensive with, the remedies available under Title I.

Therefore, the Court finds that compensatory damages may be awarded on claims of retaliation under the ADA as they are in Title I. This conclusion is consistent with the "well settled" rule that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." <u>Barnes v. Gorman</u>, 536 U.S. 181, 189, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002) (quoting <u>Bell v. Hood</u>, 327 U.S. 678, 684, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). "The purpose of awarding damages in employment discrimination cases is to make the victim 'whole for injuries suffered on account of unlawful employment discrimination.' " <u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 54 (2d Cir.1998) (quoting <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 418, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)). Case law makes clear that "[r]etaliation is, by definition, an intentional act. It is a form of 'discrimination'

because the complainant is being subjected to differential treatment." <u>Jackson v. Birmingham Bd. of Educ.</u>, 544 U.S. 167, 125 S.Ct. 1497, 1504, 161 L.Ed.2d 361 (2005). Accordingly, the Court finds that it is appropriate to allow compensatory damages and a jury trial for retaliation claims under the ADA.

Having found a plaintiff is entitled to present claims for compensatory and punitive damages in a retaliation case under the ADA, the Court also finds the motion to strike the demand for jury trial should be denied in this case. The Court intends to have the jury return a verdict on liability under the ADA, compensatory damages (subject to statutory limitations set forth in 42 U.S.C. § 1981a(b)(3)) and punitive damages (if allowed by the Court based on the evidence and the statutory requirements of "malice or reckless indifference" set forth in 42 U.S.C. § 1981a(b)) and an advisory verdict on claimed equitable damages of back pay and front pay in lieu of reinstatement.[1]    Being fully advised in the premises, the Court hereby orders that the Defendant's Motion to Strike Prayer for Compensatory Damages and Jury Trial (Docket No. 39) is DENIED.

DATED: **March 1, 2007**

Honorable Edward J. Lodge
U. S. District Judge

---

[1] It is undisputed by Plaintiff that claims for back pay or front pay are not entitled to a jury determination as such remedies are equitable in nature. <u>See</u> <u>Lutz v. Glendale Union H.S.</u>, 402 F.3d 1061, 1069 (9th Cir. 2005); <u>Pollard v. E.I. du Pont de Nemours & Co.</u>, 532 U.sS. 843, 849050 (2001), <u>Edwards v. Occidental Chem. Corp.</u>, 892 F2d 1442, 1448-49 (9th Cir. 1990).